UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DEVARON ANTOINE LOVE,** } | |
| } | |
| Petitioner, } | |
| } | |
| v. } | Case No.: **5:17-CV-08008-RDP** |
| } | (5:15-CR-00298-RDP-TMP) |
| **UNITED STATES OF AMERICA,** } | |
| } | |
| Respondent. } | |

**MEMORANDUM OPINION**

Devaron Antoine Love ("Petitioner") is currently in the custody of the Bureau of Prisons serving a 114-month prison sentence imposed after he pleaded guilty pursuant to a plea agreement to two charges: (1) burglary of a pharmacy (aiding and abetting), in violation of 18 U.S.C. §§ 2118(b), (c)(1) and 18 U.S.C. § 2; and (2) brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2. (Doc. # 4). Petitioner now moves pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his federal sentence. (*Id.*). The Motion has been fully briefed (*see* Docs. # 4, 6, 9) and is ripe for review. After careful review, the court concludes that Petitioner's Motion is due to be denied.

**I.     Background**

In September 2015, Petitioner was charged with two felony counts: (1) burglary of a pharmacy; and (2) brandishing a firearm during a crime of violence. (Doc. # 2 in *United States v. Love*, 5:15-cr-00298-RDP-TMP). Petitioner pleaded guilty to both counts and was sentenced to 30 months imprisonment as to count one and a consecutive 84 months imprisonment as to count

two, for a total of 114 months. Love's custodial sentence is to be followed by 48 months of supervised release. (Doc. # 4 at 1).

On March 10, 2017, the court appointed the Office of the Federal Public Defender to determine whether Petitioner qualifies for federal habeas relief in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). (*Id.* at 2). On March 15, 2017, Petitioner filed a motion under 28 U.S.C. § 2255. (*Id.*). Petitioner advances two main arguments: (1) his burglary "conviction under 18 U.S.C. §§ 2118(b) and (c)(1) is not a crime of violence under 18 U.S.C. § 924(c) because it does not satisfy the force clause" because "a person can be convicted of this offense without the use, attempted use or threatened use of force;" and (2) that in light of the Supreme Court's decision in *Johnson*, which struck down as void for vagueness the residual clause of the Armed Career Criminal Act, the court should hold that § 924(c)'s residual clause is also unconstitutionally vague because the language is "very similar." (*Id.*). On August 9, 2019, Petitioner supplemented his Motion in light of the recent Supreme Court decision, *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019), which held that the residual clause of § 924(c)(3) is unconstitutional. (Doc. # 10).[1]

The court has carefully reviewed Petitioner's arguments and concludes that he is not entitled to relief because (1) he procedurally defaulted on his appeal, and, in any event, (2) his crime qualifies as a crime of violence under the force clause. Therefore, Petitioner's Motion to Vacate (Doc. # 1) is due to be denied.

## II. Standard of Review

Section 2255 authorizes a federal prisoner to move in the court of conviction to vacate, set aside, or correct his sentence on the ground that the sentence was imposed in violation of the

---

[1] At least one circuit has held that *Davis* is to be applied retroactively on collateral review. *See United States v. Bowen*, 936 F.3d 1091, 1097 (10th Cir. 2019).

Constitution or laws of the United States. 28 U.S.C. § 2255(a). Such a motion is subject to heightened pleading requirements which mandate that the motion must specify all the grounds of relief and state the facts supporting each ground. *See* Rules 2(b)(1) & (2), Rules Governing § 2255 Proceedings; *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994). When a § 2255 motion is filed, it is subject to preliminary review, at which time the court is authorized to dismiss the motion summarily "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing § 2255 Proceedings. A § 2255 movant is not entitled to a hearing or post-conviction relief when his claims fail to state a cognizable claim or amount to only conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible. *See Lynn v. United States*, 365 F.3d 1225, 1239 (11th Cir. 2004); *Caderno v. United States*, 256 F.3d 1213, 1217 (11th Cir. 2001).

### III. Discussion

The court first addresses whether Petitioner's claim has been procedurally defaulted. The court then turns to the merits of Petitioner's claim.

#### A. Petitioner's Claim is Procedurally Defaulted

The United States argues that Petitioner procedurally defaulted on his § 2255 claim because he did not raise the issue on direct appeal. (Doc. # 6 at 2). The court agrees.

"Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." *Lynn*, 365 F.3d at 1234 (citations omitted). However, the Eleventh Circuit has recognized two exceptions to the procedural default rule. A § 2255 petitioner is not procedurally barred: (1) if he can "show cause for not raising the claim of

3

error on direct appeal *and* actual prejudice from the alleged error"; or (2) "if a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* (internal quotation marks omitted) (citations omitted).

The court addresses each of these alternative elements in reverse order.

1. **Actual Innocence**

First, Petitioner argues that he is "actually innocent." (Doc. # 9 at 3). The actual innocence exception allows a § 2255 petitioner to avoid application of the procedural default bar by showing "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Lynn*, 365 F.3d at 1234 (quotation omitted). To establish actual innocence, a defendant must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995) (citation omitted). "Actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 615 (1998).

While there is no evidence indicating that Petitioner is "actually innocent," Petitioner argues that a defendant challenging a § 924(c) conviction based on *Johnson*, and now *Davis*, qualifies for the actual innocence exception because there is no law (*i.e.*, the residual clause) that he could have been convicted under. (Doc. # 9 at 3). In *United States v. Johnson*, the Court applied a void-for-vagueness analysis and held that the residual clause of the Armed Career Criminal Act (18 U.S.C. § 924(e)(2)(B)) is unconstitutional. 135 S. Ct. at 2563. However, the court need not address whether *Johnson* applies to his conviction under § 924(c)(3)(B) because the Supreme Court specifically addressed the issue in *United States v. Davis*, holding that § 924(c)(3)(B) is unconstitutional.

This inquiry into *Davis*, though, does not end the court's analysis. Neither *Johnson*, nor

*Davis*, addressed the question of whether armed burglary of a pharmacy is a crime of violence under the "use of force" clause. 18 U.S.C. § 924(c)(3)."[2]

Petitioner cannot claim that he is "actually innocent" of the charged crime because the statute under which he was convicted is still valid as to Petitioner's conviction. The underlying crimes (*i.e.*, burglary of a pharmacy and brandishing a firearm) qualify as crimes of violence under § 924(c) because they satisfy the force clause. *See* 18 U.S.C. § 924(c)(3)(A). To be charged under § 2118(c)(1), a statutory provision that goes hand-in-hand with § 2118(b), a defendant must, while violating § 2118(b), "assault[] any person, or put[] in jeopardy the life of any person, by the use of a dangerous weapon." 18 U.S.C. § 2118(c)(1). This conduct inevitably (and necessarily) involves "the use, attempted use, or threatened use of physical force against the person," *see* § 924(c)(3)(A), because assaulting or putting in jeopardy the life of any person necessarily entails "threatening" force.

For example, and though not controlling, the Eighth Circuit has recognized that "intimidation" qualifies as a "threat of force" under § 924(c)(3)(A). *Kidd v. United States*, 929 F.3d 578, 581 (8th Cir. 2019) (quoting *United States v. Wright*, 957 F.2d 520, 521 (8th Cir, 1992)). As the Eighth Circuit stated:

> [E]ven though bank robbery by intimidation does not require a specific intent to intimidate, it still constitutes a threat of physical force because "threat," as commonly defined, speaks to what the statement conveys—not to the mental state of the author. Thus, if the government establishes that a defendant committed bank robbery by intimidation, it follows that the defendant threatened a use of force causing bodily harm. And a threat of bodily harm requires a threat to use violent force because it is impossible to cause bodily injury without using force capable of producing that result.

---

[2] While the gun was not used to steal the prescription drugs, one of the defendants fired the gun as he was running away from the pharmacy after the burglary had taken place. (Doc. 2 at 3 in *United States v. Love*, 5:15-cr-00298-RDP-TMP).

*Estell v. United States*, 924 F.3d 1291, 1293 (8th Cir. 2019) (citing *United States v. Harper*, 869 F.3d 624 (8th Cir. 2017)) (citations omitted). Therefore, under this analysis, in a situation where an individual uses "intimidation" during the commission of an offense (such as an offense involving controlled substances, as is the case here), that intimidation can raise the seriousness of the crime and have it qualify as a crime of violence under § 924(c)(3)(A).

Here, Petitioner pleaded guilty to brandishing a firearm during the burglary of a pharmacy. The act of brandishing a firearm during the commission of a crime (*e.g.*, burglary) necessarily involves an intimidation by the perpetrator, particularly when a weapon is used in carrying out the burglary. Consequently, under the circumstances surrounding his conviction, Petitioner's argument that one can be convicted of burglary of a pharmacy without the use, attempted use, or threatened use of force is without merit**.**

For all these reasons, Petitioner cannot claim that he is "actually innocent."

### 2. Ineffective Assistance of Counsel

Petitioner claims that to the extent it can be said that he procedurally defaulted on his claim, it is due to the ineffective assistance of his counsel. (Doc. # 9 at 4). Specifically, Petitioner claims that his counsel "was constitutionally deficient by allowing him to plead guilty to an offense for which he is actually innocent and for not raising this issue on direct appeal." (Doc. # 9 at 3).

The Supreme Court has recognized a two-part test for determining whether a defendant brought a valid claim for ineffective assistance of counsel: (1) whether the defendant can show that counsel's representation fell below an objective standard of reasonableness; and (2) whether the defendant can show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Hill v. Lockhart*,

474 U.S. 52, 57 (1985) (citing *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984)). With respect to the second requirement (*i.e.*, whether the defendant would be prejudiced by the error), "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691. And where, as here, "a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Hill*, 474 U.S. at 56 (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). The court concludes that Petitioner's claim for ineffective assistance of counsel is without merit because he cannot show that his attorney's representation fell below an objective standard of reasonableness.

Petitioner argues that his claim for ineffective assistance of counsel is proper because his attorney did not raise the issue of his "actual innocence" on direct appeal. As noted above, however, this argument is without merit because Petitioner has not shown (and cannot show) that he is "actually innocent." He was properly charged with the underlying crimes under 18 U.S.C. §§ 2118(b) and (c)(1) and 18 U.S.C. § 924(c), and he knowingly and voluntarily pleaded guilty to those charges.

Additionally, Petitioner cannot say that he was prejudiced by his attorney's purported ineffective assistance because, again, at the time of his plea, the law was that *Johnson* did not invalidate § 924(c)(3)(B). At the time Petitioner was convicted in 2015, the residual clause of § 924(c)(3) had not yet been ruled unconstitutional. In fact, that did not occur until over three years later—on June 24, 2019. *See Davis*, 139 S. Ct. 2319. Before *Davis*, any claim by Petitioner that *Johnson* rendered his conviction unconstitutional would have been meritless. *See Hartsfield v.*

7

*United States*, 719 F. App'x 972, 973 (11th Cir. 2018) ("*Johnson*'s void-for-vagueness ruling does not apply to or invalidate the 'risk-of-force' clause in § 924(c)(3)(B).") (citations omitted). Because there was neither a legal or factual basis to raise this argument on direct appeal, Petitioner cannot show that his counsel acted below any professional standard of care.

For all these reasons, Petitioner has not shown that he is actually innocent or that his counsel's representation fell below an objective standard of reasonableness. As a result, he was not prejudiced. *Strickland*, 466 U.S. at 687, 694. Consequently, Petitioner's § 2255 claim is procedurally defaulted. Nevertheless, out of an abundance of caution, the court will proceed to evaluate the merits of Petitioner's claim.

> **B. Petitioner's Conviction of Aiding and Abetting the Burglary of a Pharmacy in Violation of 18 U.S.C. §§ 2118(b) and (c)(1) Qualifies as a Crime of Violence Under 18 U.S.C. § 924(c)(3).**

Petitioner pleaded guilty to aiding and abetting the burglary of a pharmacy and the brandishing of a firearm during the burglary.[3] (Doc. # 2 in *United States v. Love*, 5:15-cr-00298-RDP-TMP). These are serious crimes. As to Count One, Petitioner pleaded guilty to violating both 18 U.S.C. §§ 2118(b) and (c)(1), which state:

> (b) [w]hoever, without authority, enters or attempts to enter, or remains in, the business premises or property of a person registered with the Drug Enforcement Administration under section 302 of the Controlled Substances Act (21 U.S.C. 822) with the intent to steal any material or compound containing any quantity of a controlled substance shall, except as provided in subsection (c), be fined under this title or imprisoned not more than twenty years, or both, if (1) the replacement cost of the controlled substance to the registrant was not less than $500; (2) the person who engaged in such entry or attempted such entry or who remained in such premises or property traveled in interstate or foreign commerce or used any facility in interstate or foreign commerce to facilitate such entry or

---

[3] It is immaterial that Petitioner did not directly participate in the underlying crime of burglary; it is enough that Petitioner aided and abetted the burglary to be charged under § 924(c). *See In re Colon*, 826 F.3d 1301, 1305 (11th Cir. 2016) ("Aiding and abetting, under 18 U.S.C. § 2, is not a separate federal crime, but rather an alternative charge that permits one to be found guilty as a principal for aiding or procuring someone else to commit the offense. A person who 'aids, abets, counsels, commands, induces or procures' the commission of an offense 'is punishable as a principal.'"); *United States v. Sosa*, 777 F.3d 1279, 1292 (11th Cir. 2015).

8

attempt or to facilitate remaining in such premises or property; or (3) another person was killed or suffered significant bodily injury as a result of such entry or attempt;

(c)(1) [w]hoever in committing any offense under subsection (a) or (b) assaults any person, or puts in jeopardy the life of any person, by the use of a dangerous weapon or device shall be fined under this title and imprisoned for not more than twenty-five years.

As to Count Two, Petitioner pleaded guilty to violating 18 U.S.C. § 924(c), which states, in relevant part:

> any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—
>
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years[.]

The question here is whether Petitioner's convictions under 18 U.S.C. §§ 2118(b) and (c)(1) qualify as "crime[s] of violence" under 18 U.S.C § 924(c)(3). A crime of violence is defined as:

> [A]n offense that is a felony and—
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C § 924(c)(3)(A)-(B).

The court notes that in light of *Davis*, Petitioner's conviction would not be proper if it was based on the residual clause of § 924(c)(3). *See United States v. Davis*, 139 S. Ct. 2319 (2019). However, the court need not analyze Petitioner's claim under *Davis* because it concludes, after careful consideration, that Petitioner's convictions under §§ 2118(b) and (c)(1) satisfy the force clause of § 924(c)(3).

### 1. Petitioner's Conviction Satisfies the Force Clause of § 924(c)(3).

Petitioner argues that because burglary under § 2118(b) can be committed without use of force against a person or property it must follow that it cannot be considered a crime of violence. But this argument is without merit because it ignores that he was convicted of violating §§ 2118(b) and (c)(1).

As stated above, Title 18 U.S.C. §§ 2118(b) and (c)(1) have "as an element, the use, attempted use, or threatened use of physical force against the person or property of another" because, by using a firearm in the course of committing the offense, one "puts in jeopardy the life of another person." 18 U.S.C. § 2118(c)(1); 18 U.S.C. § 924(c)(3)(A); *Cain v. United States*, 2017 WL 1953426, at *2 (N.D. Ala. May 11, 2017). For instance, in *Cain*, the defendant was charged with:

> enter[ing] Phil Campbell Drugs . . . , a location registered with the Drug Enforcement Administration under Section 302 of the Controlled Substances Act . . . , with the intent to steal compounds containing controlled substances . . . , and in committing such offense, *[he] did assault and put in jeopardy the life of another person, by use of a dangerous weapon, that is a firearm.*

*Id.* The court held that Cain's § 2118(b) conviction was a proper predicate for his § 924(c)(3) conviction because it qualified under that section's "use of force" clause: "the offense charged plainly included 'as an element the use, attempted use, or threatened use of physical force against the person or property of another,'" thus qualifying it as a predicate crime under the force clause. *Id.* Cain pleaded guilty to violating 18 U.S.C. § 2118(b), only. Here, Petitioner was charged with violating § 2118(c)(1), in addition to § 2118(b). Specifically, Petitioner was convicted of:

> [A]id[ing] and abet[ing] by others, without authority, entered New Market Discount Pharmacy . . . , a location registered with the Drug Enforcement Administration under Section 302 of the Controlled Substances Act . . . , with the intent to steal compounds containing controlled substances with a replacement cost of not less than $500.00, and in committing such offense, . . . did assault and

put in jeopardy the life of another person, by the use of a dangerous weapon, that is, a firearm . . . [in violation of 18 U.S.C. §§ 2118(b) and (c)(1)].

(Doc. # 1 at 1 in *United States v. Love*, 5:15-cr-00298-RDP-TMP).[4] Therefore, because burglary of a pharmacy charged under § 2118(b) *and* (c)(1) plainly includes as an element the use, attempted use, or threatened use of physical force against the person or property of another, Petitioner's argument that his underlying crime does not qualify as a crime of violence under § 924(c)(3) is without merit.[5]

### IV. Conclusion

Petitioner's Motion is due to be denied. Petitioner's claim is procedurally defaulted, and, in addition, it also fails on the merits. An Order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this March 9, 2020.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

[4] *But see Davis*, 139 S. Ct. at 2334 ("[T]he residual clause, read categorically, 'sweeps more broadly' than the elements clause—potentially reaching offenses, like burglary, that do not have violence as an *element* but that arguably create a substantial *risk* of violence . . . .").

[5] To be clear, the court acknowledges that the Eleventh Circuit has not yet determined whether *Johnson* makes it clear that the residual clause of § 924(c)(3)(B) cannot serve as a basis for Petitioner's conviction. *Johnson*, 135 S. Ct. at 2563. *See In re Pinder*, 824 F.3d 977, 978 (11th Cir. 2016) ("Our Court hasn't decided if *Johnson* applies to § 924(c)(3)(b).").